

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ZAC WILLIAM FOXHOVEN - VESSEL; BY WILLIAM FOXHOVEN - BENEFICIARY;<br><br>Plaintiff,<br><br>vs.<br><br>DANNY STACY, GEODY VANDEWATER, OFFICIAL CAPACITY AS POLICE CHIEF OF THE CITY OF STURGIS POLICE DEPARTMENT DE-FACTO PRIVATE FOR PROFIT CORPORATION WITH DUN AND BRADSTREET #XX-XXX-XXXX; AND DARNELL PATE,<br><br>Defendants. | 5:22-CV-05071-CBK<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Mr. Zac William Foxhoven filed a pro se complaint alleging several federal and state law claims against defendant City of Sturgis police officers Danny Stacy, Darnell Pate, and Chief of Police Geody Vandewater. The events alleged in Mr. Foxhoven's complaint happened during the August 2020 Sturgis motorcycle rally after his friend rode a vintage police motorcycle through a neighborhood while operating the siren. The officers subsequently arrested Mr. Foxhoven for obstructing a police officer after responding to the incident. This matter is before the Court on the defendant's motion to dismiss for failure to state a claim as well as several of the plaintiff's motions.

I.   **Background**

Mr. Foxhoven, a citizen of Oregon, was visiting Sturgis, South Dakota for its annual motorcycle rally. Officers Stacy and Pate responded to the residence where Mr. Foxhoven was staying after receiving a report of a motorcycle driving at a high rate of speed and operating a loud police-like siren. Mr. Foxhoven described the event similarly. According to Mr. Foxhoven, his friend Mr. Benjamin Hudack rode his vintage police

1

motorcycle down the road in front of the house and turned the siren on for "literally seconds." Shortly thereafter, the Officers followed Mr. Hudack home and into the house's garage to conduct a traffic stop. Mr. Lyndon Lach questioned why the Officers were present and was arrested for obstructing a police officer.[1] Mr. Foxhoven took issue with the Officers arresting his friend. He presented a copy of either the United States Constitution, the Declaration of Independence, or both, to the officer conducting the arrest and voiced his complaints. Shortly thereafter, the Officers arrested Mr. Foxhoven for obstructing a police officer.[2] The Officers also arrested Mr. Hudack for eluding, reckless driving, use of a siren, and failure to obey police signals.[3]

    Mr. Foxhoven alleges generally that the officers had no right to be on private property. He claims that the Officers lied in their police reports to justify the several arrests and failed to provide their body camera video footage that would prove his allegations. The State dropped Mr. Foxhoven's charge for obstructing an officer on April 28, 2021, and Mr. Foxhoven filed this lawsuit on August 8, 2022.

    The defendants filed their motion to dismiss, (Doc. 6 & 7), on September 14, 2022, and supported it with Officer Pate's affidavit of probable cause for a warrantless arrest and records of the three arrests from the South Dakota Unified Judicial System. (Doc. 8). Mr. Foxhoven replied on September 30 opposing the motion to dismiss, (Doc. 10), and filed a motion to compel production of certain recordings and documents. (Doc. 11). The defendants responded to the motion to compel, (Doc. 12), and Mr. Foxhoven's opposition to the motion to dismiss on October 14. (Doc. 13). Mr. Foxhoven filed another response to the defendant's motion to dismiss on November 4, (Doc. 14), filed a motion for judicial notice of certain facts on November 14, (Doc. 15), and again filed a

---

[1] The Court takes judicial notice of the records of South Dakota's Unified Judicial System. The State charged Mr. Lach in 46CRI20-000704.

[2] The State charged Mr. Foxhoven in 46CRI20-000714.

[3] The State charged Mr. Hudack in 46CRI20-000710.

motion for judicial notice on November 28.[4] (Doc. 16). The defendants responded to the motions for judicial notice on December 5. (Doc. 17). Mr. Foxhoven submitted a filing with the Court on December 12 containing various recordings taken by witness bystanders and his descriptions of each video. (Doc. 18). Mr. Foxhoven filed another motion to compel on December 12, (Doc. 19), and filed seven affidavits from alleged witnesses of the series of arrests. (Docs. 20–26). Defendants responded to those two filings on January 3, 2023. (Docs. 28 & 29). Mr. Foxhoven filed another motion for judicial notice on January 9 containing apparent body camera video footage. (Doc. 30). Mr. Foxhoven filed a memorandum in support of his opposition to the motion to dismiss on February 27.[5] (Doc. 31).

**II.    Standard of Review**

At the motion to dismiss phase, the Court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Jacobson Warehouse Co. v. Schnuck Mkts., Inc., 13 F.4th 659, 668 (8th Cir. 2021); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive the motion to dismiss. C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 630 (8th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The factual allegations "must be enough to raise a right to relief above

---

[4] Styled as a motion for judicial notice, this filing appears to allege several new claims against the defendants. "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). There is no indication that Mr. Foxhoven was attempting to amend his complaint in this filing. The Court will not consider any additional claims within this document.

[5] This filing is not timely nor proper under the Federal Rules of Civil Procedure. Mr. Foxhoven already submitted multiple responsive filings to the defendant's motion to dismiss. The rules allow 21 days to file a responsive brief and do not permit multiple consecutive filings. See FED. R. CIV. P. 12(a), 15(a). Even if the Court did consider this filing, it contains no new legal arguments and appears to raise several new avenues of relief not contemplated by Mr. Foxhoven's original, unamended complaint.

the speculative level." In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (quoting Twombly, 550 U.S. at 555). In addition, the factual contents of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Pietoso, Inc. v. Rep. Servs., Inc., 4 F.4th 620, 622 (8th Cir. 2021) (quoting Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019)). Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). When assessing the merits of a complaint challenged under Federal Rule of Civil Procedure 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." McDonough v. Anoka Cty., 799 F.3d 931, 945–46 (8th Cir. 2015) (citing Iqbal, 556 U.S. at 679).

The court is required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). A court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988). But a court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

"A court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim." Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). But courts may "consider 'some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'" Id. (quoting Porous Media Corp., 186 F.3d at 1079). This includes "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Ryan v. Ryan,

889 F.3d 499, 505 (8th Cir. 2018) (quoting Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012)).

### III. Analysis

Mr. Foxhoven lists five counts in his complaint: (1) fraud, (2) kidnapping, (3) failure to train, (4) spoliation, and (5) false arrest and malicious prosecution. In each count, he asserts the violation of his constitutional rights pursuant to 42 U.S.C. § 1983 but does not indicate what constitutional right the officers violated.[6] Construed liberally, Mr. Foxhoven's complaint appears to assert a claim for wrongful arrest in violation of his Fourth Amendment rights. Mr. Foxhoven's pro se complaint could also be interpreted to allege several state law claims against the officers.

#### a. Fourth Amendment Claim

The Fourth Amendment of the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "A warrantless arrest violates the Fourth Amendment unless it is supported by probable cause." Ryno v. City of Waynesville, 58 F.4th 995, 1005 (8th Cir. 2023) (quoting Webster v. Westlake, 41 F.4th 1004, 1010 (8th Cir. 2022)). Officers have probable cause to make a warrantless arrest "when the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" Id. (quoting Borgman v. Kedley, 646 F.3d 518, 523 (8th Cir. 2011)). "[P]robable cause is an objective standard . . . ." Just v. City of St. Louis, 7 F.4th 761, 768 (8th Cir. 2021) (quoting District of Columbia v. Wesby, 138 S. Ct. 577, 584 n.2 (2018)). Officers are afforded "substantial latitude in interpreting and drawing inferences from factual circumstances." Id. (quoting Bell v. Neukirch, 979 F.3d 594, 603 (8th Cir.

---

[6] Mr. Foxhoven also asserts that his constitutional rights were violated pursuant to 18 U.S.C. § 241–242. These are criminal statutes and Mr. Foxhoven has no private right of action pursuant to the federal criminal code. See United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241."). The same reasoning applies to Mr. Foxhoven's § 242 claim.

2020)). "An arrest must be supported by more than a reasonable, articulable suspicion that a person committed a crime." Bell, 979 F.3d at 603 (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)). In plain language, "[p]robable cause 'is not a high bar.'" Wesby, 138 S. Ct. at 586 (quoting Kaley v. United States, 571 U.S. 320, 338 (2014)).

That low bar becomes even lower when law enforcement officers raise a defense of qualified immunity. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." Brown v. City of St. Louis, 40 F.4th 895, 900 (8th Cir. 2022) (quoting Blazek v. City of Iowa City, 761 F.3d 920, 923 (8th Cir. 2014)). "Police officers are 'entitled to qualified immunity unless (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.'" Id. (quoting Bell, 979 F.3d at 602). Within the context of a warrantless arrest, officers have qualified immunity if they "reasonably but mistakenly conclude[d] that probable cause [wa]s present." Bell, 979 F.3d at 608 (quoting Wesby, 138 S. Ct. at 591 (alterations in original)). The Eighth Circuit refers to this standard as "arguable probable cause." See Michael v. Trevena, 899 F.3d 528, 534 n.3 (8th Cir. 2018). Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based on probable cause if the mistake is objectively reasonable. Bell, 979 F.3d at 607.

Here, Officers Stacey and Pate had probable cause to arrest Mr. Foxhoven for obstructing the arrest of Mr. Hudack. The Court looks to state law when determining probable cause. See Just, 7 F.4th at 767. The Officers arrested Mr. Foxhoven for obstructing a law enforcement officer, and the South Dakota code states in relevant part:

> [A]ny person who, by using or threatening to use violence, force, or physical interference or obstacle, intentionally obstructs, impairs, or hinders the enforcement of the criminal laws or the preservation of the peace by a law enforcement officer . . . is guilty of obstructing a law enforcement officer . . . .

SDCL § 22–11–6. Mr. Foxhoven states in his complaint, "I was arrested on my private property without a warrant for telling Danny Stacy [sic] and Darnell Pate that they were

6

violating our constitutional rights. I was literally arrested for presenting my pocket copy of the Constitution of the United States of America and Declaration of Independence." These factual allegations are insufficient to state a claim for wrongful arrest. Even considering the video evidence that Mr. Foxhoven submitted, he still cannot state a claim under the Fourth Amendment.[7] Mr. Foxhoven's contention seems to be that he simply presented a copy of the Declaration of Independence to the officers rather than shoved it in their faces. This is a distinction without a difference. The officers were in the middle of arresting Mr. Lach, who was also charged with interfering with a police officer in the course of the Mr. Hudack's traffic stop. Mr. Foxhoven took issue with the arrest of his friend and was told to back away from the Officers. He returned with a copy of the Declaration of Independence while the Officers were attempting to place the arrestee in the back of the police car and continued to protest the arrest. Even if this conduct is not

---

[7] Mr. Foxhoven submitted various recordings of the incident to the Court. The Court does not generally consider materials outside the pleadings when evaluating a complaint in a Rule 12(b)(6) motion to dismiss. See Porous Media Corp., 186 F.3d at 1079. But "documents necessarily embraced by the complaint are not matters outside the pleading." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017) (quoting Enervations, Inc. v. Minn. Mining & Mfg. Co., 380 F.3d 1066, 1069 (8th Cir. 2004)). "In general, materials embraced by the complaint include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'" Id. (quoting Ashanti, 666 F.3d at 1151). Courts may consider "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." Miller v. Redwood Toxicology Lab'y, Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). The Court draws no distinction between documents referenced in the complaint and video evidence referenced in the complaint. Here, Mr. Foxhoven referred to the relevant video evidence throughout his complaint and the defendants do not appear to dispute its authenticity. The Court will consider the video evidence of the incident described in the complaint without converting the motion to dismiss into a motion for summary judgment. In doing so, the Court does not consider Officer Pate's affidavit of probable cause or any of the various affidavits that Mr. Foxhoven provided to the Court.

specifically contemplated by the law, the Officers certainly had arguable probable cause to believe that it was prohibited.

    Mr. Foxhoven appears to generally dispute the legal basis for the police being present at the home in the first place as well as the existence of South Dakota law. Mr. Foxhoven repeatedly states that he was on private property and that the police were trespassing. But the Officers followed Mr. Hudack to the home for recklessly driving a former police motorcycle down a road while operating the siren and failing to stop.[8] The Fourth Amendment does not categorically prevent law enforcement officers from entering private property when pursuing a fleeing suspect.[9] Even if it did, Mr. Foxhoven may not raise a potential violation of Mr. Hudack's Fourth Amendment rights.[10] Mr. Foxhoven also seems to argue that operating a siren is not against the law. But SDCL § 32–15–11 specifically prohibits the use of a siren while operating a vehicle. Mr. Foxhoven repeatedly accuses Officer Stacy of making fraudulent statements in his police report and argues these apparent falsities show a lack of probable cause. But Mr. Foxhoven's own video shows that he was being disruptive while the Officers were making another arrest, giving the Officers at minimum arguable probable cause to arrest him for obstructing officers. Based on the facts alleged in Mr. Foxhoven's complaint, he cannot withstand the defendant's motion and this Fourth Amendment claim should be dismissed.

---

[8] Mr. Hudack was charged with eluding under SDCL § 32–33–18.1, reckless driving under SDCL § 32–24–1, use of a siren/whistle/horn in violation of SDCL § 32–15–11, and failing to stop at the signal of a law enforcement officer under SDCL § 32–33–18.

[9] "Hot pursuit" is one of several established exigent circumstances that are excepted from the Fourth Amendment's warrant requirement. See Kentucky v. King, 563 U.S. 452, 460 (2011) ("Police officers may enter premises without a warrant when they are in hot pursuit of a fleeing suspect."). The constitutionality of a warrantless entry into a home in pursuit of a fleeing misdemeanant depends on all the surrounding circumstances. See Lange v. California, 141 S. Ct. 2011, 2024 (2021).

[10] See generally CHARLES ALAN WRIGHT & MARY KAY KANE, LAW OF FEDERAL COURTS §§ 12–13 (8th ed. 2017).

Mr. Foxhoven also alleges that Chief of Police Geody Vandewater failed to train the Officers with deliberate indifference to his constitutional rights. Because Mr. Foxhoven seems to have sued Chief Vandewater in his official capacity, the claim is treated as if it is against the City of Sturgis.[11] See Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010) ("[A] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.") (quoting Elder–Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006)). "In general, 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents' on a respondeat superior theory of liability." Id. (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). But a plaintiff may establish municipal liability by showing that a municipality caused the constitutional violation by providing "inadequate training" for its employees. Id. "To establish such liability, a plaintiff must show that (1) the municipality's 'training practices [were] inadequate,' (2) the municipality was 'deliberately indifferent' to the plaintiff's rights when adopting the training practices such that the 'failure to train reflects a deliberate or conscious choice,' and (3) the plaintiff's injury was 'actually caused' by the 'alleged deficiency' in the training practices." Graham v. Barnette, 5 F.4th 872, 891 (8th Cir. 2021) (quoting Parrish, 594 F.3d at 997). Mr. Foxhoven fails to allege facts sufficient to meet that test, and the claim should be dismissed.

**b. State Law Claims**

Mr. Foxhoven's complaint could also be construed to allege a handful of state law claims. The Court has diversity jurisdiction over those claims because Mr. Foxhoven is a citizen of Oregon, the Officers appear to be citizens of South Dakota, and Mr. Foxhoven claimed damages in excess of $75,000.[12] Mr. Foxhoven alleges that the Officers

---

[11] Mr. Foxhoven indicates in his complaint that he is "seeking damages against Geody Vandewater in his official capacity as Police Chief of the City of Sturgis Police Department . . . ."

[12] The defendants do not appear to contest the citizenship of any party or the amount in controversy.

9

committed fraud by writing false police reports, kidnapped him by removing him from private property with the use of force, committed spoliation by refusing to provide body camera video footage, falsely imprisoned him, and maliciously prosecuted him. At the outset, all these state law claims should be dismissed for failing to comply with the notification requirement of SDCL §§ 3–21–2 and 3–21–3. Even if Mr. Foxhoven did comply with that statute, the claims should still be dismissed for failing to state a claim.

Mr. Foxhoven fails to allege facts sufficient to state a claim for fraud and the claim should be dismissed. To state a claim for fraud, a plaintiff must satisfy three elements. Aqreva, LLC v. Eide Bailly, LLP, 950 N.W.2d 774, 791 (S.D. 2020). First, "the representation at issue must be "made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made[.]" Id. (quoting N. Am. Truck & Trailer, Inc. v. M.C.I. Comm. Servs., Inc., 751 N.W.2d 710, 713 (S.D. 2008)). Second, "the representation must have been 'made with intent to deceive and for the purpose of inducing the other party to act upon it[.]'" Id. (quoting N. Am Truck & Trailer, 751 N.W.2d at 713). Third, "the person to whom the representation is made must show 'that he did in fact rely on it and was induced thereby to act to his injury or damage.'" Id. (quoting N. Am Truck & Trailer, 751 N.W.2d at 713). It is unclear how Mr. Foxhoven believes that he was induced into acting on any representations made by the Officers. This claim should be dismissed.

Mr. Foxhoven's spoliation claim should be dismissed for failure to state a claim. To start, it is unclear exactly what forms the basis of Mr. Foxhoven's potential claim. Spoliation is defined as, "The intentional destruction, mutilation, alteration, or concealment of evidence, usually a document." *Spoliation*, BLACK'S LAW DICTIONARY (11th ed. 2019). Mr. Foxhoven seems to claim that the Department failed to produce evidence in a criminal case against him that was ultimately dropped. But failing to produce evidence is not the same as the destruction of evidence, and Mr. Foxhoven produced several recordings of body camera footage in his various filings with the Court. In any event, the Court adopts the reasoning of then-Chief Judge Schreier in O'Neal v. Remington Arms Co. that held the South Dakota Supreme Court would not recognize an

independent tort for the spoliation of evidence. No. 11-CV-4182-KES, 2012 WL 3834842, at *3 (D.S.D. Sept. 4, 2012) ("After considering the case law on both sides of the issue, this court predicts that the South Dakota Supreme Court would adopt the reasoning of the majority of courts and would decline to recognize an independent tort for spoliation of evidence."). Mr. Foxhoven's spoliation claim should be dismissed.

Mr. Foxhoven cannot state a claim for kidnapping because it is a criminal statute with no private right of action. South Dakota's kidnapping statute is found within SDCL § 22-19-1. Title 22 of the South Dakota's codified laws is dedicated to the criminal code. Individuals cannot institute a civil lawsuit to enforce criminal laws. See 4 WILLIAM BLACKSTONE, COMMENTARIES *2 ("[T]he king, in whom centers the majesty of the whole community, is supposed by the law to be the person injured by every infraction of the public right belonging to that community, and is therefore in all cases the proper prosecutor for every public offence."). This claim should be dismissed.

Although Mr. Foxhoven's kidnapping claim along with his false arrest claim can be construed as a claim for false imprisonment, that claim should also be dismissed. "In South Dakota, false imprisonment contains two elements: (1) detention or restraint of the person, and (2) unlawfulness of such restraint or detention." Burlington Transp. Co. v. Josephson, 153 F.2d 372 (8th Cir. 1946). "False arrest is one of several means of committing the tort of false imprisonment." Heib v. Lehrkamp, 704 N.W.2d 875, 883 (S.D. 2005) (quoting DAN B. DOBBS, THE LAW OF TORTS § 36, at 67 (2000)). "False arrest describes the setting for false imprisonment when it is committed by [a law enforcement] officer . . . ." Id. (internal quotations omitted). But "[t]he existence of probable cause to arrest is a complete bar to false arrest and malicious prosecution claims. This is because proof of the absence of probable cause is an essential element in both causes of action." Id. (quoting Just v. Martin Bros. Co., 159 N.W. 44, 46 (S.D. 1916)); see also Kurtz v. City of Shrewsbury, 245 F.3d 753, 757–58 (8th Cir. 2001) (explaining that officers who had probable cause to arrest and prosecute plaintiff cannot be held liable for state law torts of false arrest and malicious prosecution). As already

discussed, the Officers had probable cause to arrest Mr. Foxhoven for interfering with law enforcement, so this claim should be dismissed.

For the same reason, Mr. Foxhoven cannot state a claim for malicious prosecution. To prove malicious prosecution in South Dakota, a defendant must show:

> (1) The commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff.

Harvey v. Regional Health Network, Inc., 906 N.W.2d 382, 396 (S.D. 2018) (quoting Danielson v. Hess, 807 N.W.2d 113, 115–16 (S.D. 2011)). Mr. Foxhoven cannot show the absence of probable cause for his arrest and the State's case against him, so this claim should be dismissed.

### IV. Conclusion

Now, therefore, it is ordered:

1. Defendant's motion to dismiss for failure to state a claim (Doc. 6) is granted.
2. All of Mr. Foxhoven's claims against Officer Danny Stacy in his personal capacity are dismissed.
3. All of Mr. Foxhoven's claims against Officer Darnell Pate in his personal capacity are dismissed.
4. All of Mr. Foxhoven's claims against Chief Geody Vandewater in his official capacity are dismissed.
5. Mr. Foxhoven's motions to compel (Docs. 11 & 19) are denied.
6. Mr. Foxhoven's motions for judicial notice (Docs. 15, 16, 18 & 30) are denied.

DATED this 5th day of March, 2023.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge